IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga A. Howard,<br><br>    Plaintiff,<br><br>vs.<br><br>Bank of America, N.A.,<br><br>    Defendant. | No. CV 04-2196-PHX-ECV<br><br>**ORDER** |

      Defendant has filed a Motion to Accept Supplemental Evidence and Thereupon Reconsider Motion for Summary Judgment. Doc. #70. Defendant asks the court to reconsider its decision to strike three exhibits that were attached to its motion for summary judgment. Defendant attaches two new affidavits in an effort to authenticate the stricken documents. Pursuant to LRCiv 7.2(g), in the absence of an order from the court, Plaintiff has not filed a response to Defendant's motion.

      Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D.Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp.

1  v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171 (1986). Such
2  motions should not be used for the purpose of asking a court "'to rethink what the court had
3  already thought through — rightly or wrongly.'" Defenders of Wildlife, 909 F.Supp. at 1351
4  (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.
5  1983)).

     Here, Defendant has not satisfied the standard for reconsideration. Defendant has not presented any newly discovered evidence, shown clear error or a manifest injustice, or demonstrated an intervening change in controlling law. Defendant's sole basis for seeking reconsideration is to provide authentication for documents that it wanted the court to consider in ruling on its summary judgment motion. However, even if the court had considered the stricken documents, the outcome would have been the same. For the same reasons set forth in the summary judgment order, including evidence of an increased workload, three write-ups almost immediately after her harassment complaint to HR, and termination soon thereafter, Plaintiff has presented enough evidence to create a genuine issue of material fact on the issue of pretext such that summary judgment on the retaliation claim is not appropriate. Accordingly, Defendant's motion will be denied.

**IT IS THEREFORE ORDERED:**

     That Defendant's Motion to Accept Supplemental Evidence and Thereupon Reconsider Motion for Summary Judgment (Doc. #70) is **denied**.

     DATED this 1st day of June, 2006.

_____
Edward C. Voss
United States Magistrate Judge