IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga A. Howard,<br><br>    Plaintiff,<br><br>vs.<br><br>Bank of America, N.A.,<br><br>    Defendant. | No. CV 04-2196-PHX-ECV<br><br>**ORDER** |

Pending before the court are Plaintiff's Motion for Leave to Amend Complaint (Doc. #78), Defendant's Motion in Limine to Exclude Evidence and Argument Regarding Punitive Damages (Doc. #73), Defendant's Motion in Limine to Exclude Evidence and Argument Regarding Compensatory Damages (Doc. #72), and Defendant's Motion in Limine to Exclude Evidence and Argument Regarding Bank Back Pay Damages After Quitting Her NCS Pearson Job (Doc. #71).

**1.   Motion for Leave to Amend**

Plaintiff seeks leave to file a Second Amended Complaint that contains a claim for punitive damages and a claim for "front pay." Plaintiff contends that information obtained during discovery supports a punitive damages claim and therefore an amendment is warranted. With respect to the claim for "front pay," Plaintiff contends that such a claim is inherent in her request for reinstatement and an amendment to include it would simply make it explicit.

1 Defendant argues in its response that the deadline to file a motion for leave to amend 2 expired months ago. Defendant further argues that Plaintiff's discovery argument is 3 disingenuous in that Plaintiff received most of the discovery in June 2005 and the rest before 4 the discovery cutoff in October 2005. Defendant contends that Plaintiff fails to explain why, 5 if in fact the discovery prompted the request to amend, the motion was not filed until nearly 6 a year later. Defendant argues that based on the delay, the motion should be denied.

7 Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a 8 complaint] shall be freely given when justice so requires." However, the policy toward 9 permitting liberal amendment of pleadings "must be tempered with considerations of 'undue 10 delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure 11 deficiencies by amendments previously allowed, undue prejudice to the opposing party by 12 virtue of allowance of the amendment, futility of amendment, etc.'" <u>Schlacter-Jones v.</u> 13 <u>General Telephone</u>, 936 F.2d 435, 443 (9th Cir. 1991) (quoting <u>Foman v. Davis</u>, 371 U.S. 14 178, 182 (1962)). "The following factors guide a court's determination of whether a motion 15 to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and 16 (4) prejudice to the opposing party." <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1482 (9th Cir. 17 1997). Additionally, under Rule 16(b) of the Federal Rules of Civil Procedure, a deadline 18 set in a scheduling order may be modified only upon a showing of good cause.

19 Here, the factors weigh against allowing an amended pleading at this stage. The 20 deadline on the scheduling order expired 10 ½ months before Plaintiff filed the motion to 21 amend. Plaintiff's attempt to show good cause to amend after the deadline is unconvincing. 22 The "Siebel" notes that Plaintiff claims prompted the motion to amend were provided to 23 Plaintiff in June and October 2005. Plaintiff contends that she did not know until the court's 24 summary judgment ruling in April 2006 whether those materials would be admissible. 25 However, as she concedes, the summary judgment ruling did not decide their admissibility. 26 Moreover, the question of admissibility is irrelevant to determining the timeliness of a motion 27 to amend. If Plaintiff believed the "Seibel" notes supported a claim for punitive damages, 28 she should have sought to amend back when she received them. In addition, Plaintiff's

1 contention that a claim for "front pay" is necessary to make explicit what is already implicit 2 in her complaint is not a valid basis to permit an amendment at this late stage. Plaintiff has 3 not shown good cause to file a motion to amend long after the deadline. Based on Plaintiff's 4 undue delay, the motion for leave to amend will be denied.

5 **2.    Motion in Limine Regarding Punitive Damages**

6 Defendant's motion in limine regarding punitive damages seeks to exclude all 7 evidence and argument related to punitive damages. In light of the court's denial of Plaintiff's 8 motion to amend which sought leave to allege a punitive damages claim, the jury will not be 9 permitted to consider such a claim. As a result, evidence and argument in support of a 10 punitive damages claim will be excluded. Defendant's motion will therefore be granted.

11 **3.    Motion in Limine Regarding Compensatory Damages**

12 Defendant's motion in limine regarding compensatory damages seeks to exclude all 13 evidence and argument relating to compensatory damages. Defendant argues that Plaintiff 14 failed to set forth in her complaint a claim for relief for compensatory damages and therefore 15 she should not be permitted to present evidence of and argue for compensatory damages. 16 Plaintiff argues in her response that her complaint contains a request for compensatory 17 damages such that she should be allowed to present evidence of such damages.

18 Plaintiff's complaint does not explicitly request compensatory damages. Doc. #2. 19 Plaintiff requests in the complaint that she be reinstated to the same or a similar position as 20 that for which she was hired. Plaintiff further requests that Defendant be ordered to pay the 21 compensation she would have received if she had not been terminated. Finally, Plaintiff 22 requests costs and fees and any other relief the court deems appropriate.

23 Plaintiff will be allowed to present evidence and argument to support the requests for 24 relief contained in her complaint. She may not present evidence of or argue for damages not 25 specifically requested in the complaint. Accordingly, Defendant's motion will be granted to 26 the extent that Plaintiff may not present evidence or argument of compensatory damages 27 beyond what is specifically requested in the complaint.

28 **4.    Motion in Limine Regarding Damages After Quitting Her NCS Pearson Job**

1 | Defendant's motion in limine regarding back pay damages seeks to exclude all evidence and argument of back pay loss after Plaintiff quit her NCS Pearson job. Defendant argues that Plaintiff voluntarily chose to quit this job and become a teacher's aid for less pay. Defendant contends that this voluntary career and lifestyle change terminates her back pay.

As Plaintiff properly argues, the issue of whether Plaintiff used reasonable diligence to mitigate her damages after being terminated is an issue for the jury upon consideration of all the relevant facts. Plaintiff's explanation that the NCS position was a temporary position without benefits is certainly relevant to the jury's determination regarding mitigation and an appropriate back pay award. Defendant's motion will be denied.

**IT IS THEREFORE ORDERED:**

That Plaintiff's Motion for Leave to Amend Complaint (Doc. #78) is **denied**;

That Defendant's Motion in Limine to Exclude Evidence and Argument Regarding Punitive Damages (Doc. #73) is **granted**;

That Defendant's Motion in Limine to Exclude Evidence and Argument Regarding Compensatory Damages (Doc. #72) is **granted** to the extent that Plaintiff may not present evidence or argument of compensatory damages beyond what is specifically requested in the complaint; and

That Defendant's Motion in Limine to Exclude Evidence and Argument Regarding Bank Back Pay Damages After Quitting Her NCS Pearson Job (Doc. #71) is **denied**.

DATED this 29th day of June, 2006.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge