IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga A. Howard,<br><br>            Plaintiff,<br><br>vs.<br><br>Bank of America, N.A.,<br><br>            Defendant. | No. CV 04-2196-PHX-ECV<br><br>**ORDER** |

Pending before the court are Plaintiff's Motion for Reconsideration and/or Clarification of the Court's Ruling Regarding Compensatory Damages (Doc. #99), Plaintiff's Motion for Reconsideration and/or Clarification of Court's Ruling Granting Motion in Limine Regarding Punitive Damages (Doc. #100) and Plaintiff's Motion for Reconsideration and/or Clarification of Ruling Denying Motion for Leave to Amend (Doc. #101).

**1.    Motion for Reconsideration and/or Clarification of the Court's Ruling Regarding Compensatory Damages**

Plaintiff seeks reconsideration or clarification of the court's order granting Defendant's motion in limine regarding compensatory damages. Plaintiff has failed to show that the court committed clear error or that any other basis for reconsideration exists. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

intervening change in controlling law."). Accordingly, the request for reconsideration will be denied.

Regarding the request for clarification, the court believes its previous order was clear. Plaintiff may present evidence and argument in support of the requests for relief contained in the amended complaint.[1] Plaintiff's amended complaint does not contain a request for "compensatory" damages. Doc. #2 at 7. Plaintiff requests reinstatement with back pay compensation or, alternatively, compensation she would have received had she not been terminated (back pay and front pay). Compensatory damages under 42 U.S.C. § 1981a does not include back pay or front pay. 42 U.S.C. § 1981a(b)(2) (compensatory damages excludes back pay); see also Gotthardt v. National Railroad Passenger Corporation, 191 F.3d 1148, 1154 (9th Cir. 1999) (the statutory cap on compensatory damages does not apply to awards of front pay). Accordingly, having failed to request "compensatory" damages,[2] Plaintiff is limited to presenting evidence and argument in support of the damages alleged in her complaint. Because this is essentially what the court said in its previous order, the motion for clarification will be denied.

**2.   Plaintiff's Motion for Reconsideration and/or Clarification of Court's Ruling Granting Motion in Limine Regarding Punitive Damages**

Plaintiff also seeks reconsideration or clarification of the court's order granting Defendant's motion to exclude evidence and argument regarding punitive damages. Regarding reconsideration, Plaintiff has failed to show newly discovered evidence, clear error by the court or an intervening change in the law. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d at 1263. The request for reconsideration will therefore be denied.

---

[1] In the prior order, the court's reference to the complaint when addressing the compensatory damages issue was to the First Amended Complaint at Doc. #2. This should not have caused any confusion because the court would have no reason to refer to the original complaint given that it was superseded by the First Amended Complaint.

[2] Under 42 U.S.C. § 1981a(b)(3), damages such as mental anguish, inconvenience, emotional pain and suffering are among those included as "compensatory" damages.

Plaintiff's request for clarification is based on the concern that the court's order precluding evidence and argument of punitive damages somehow has the "unintended effect" of denying Plaintiff the right to present her retaliation claim because some of the evidence is the same. The court's order did nothing to limit Plaintiff's ability to present evidence in support of her retaliation claim. Evidence may be relevant to more than one issue. The court's decision to preclude evidence supporting a punitive damages claim does not mean the evidence is inadmissible for all other purposes as well. This should have been clear from the previous order. Accordingly, Plaintiff's request for clarification will be denied.

**3.   Plaintiff's Motion for Reconsideration and/or Clarification of Ruling Denying Motion for Leave to Amend**

Lastly, Plaintiff seeks reconsideration or clarification of the court's order denying her motion for leave to amend the complaint. Plaintiff contends that the court unfairly expected her to "immediately" recognize that documents disclosed by Defendant might support a punitive damages claim and seek leave to amend the complaint. The court imposed no such expectation. As stated in the prior order, Plaintiff received most of the discovery in June 2005 and the rest before the discovery cutoff in October 2005. Plaintiff did not file her motion for leave to amend until May 31, 2006, long after the deadline agreed to by the parties in the case management order. Doc. #14. While the court does not expect a party to seek leave to amend "immediately" upon receipt of discovery that supports an amendment, it does expect such a motion to be filed without undue delay. Here, Plaintiff has presented no valid reasons for waiting so long to seek leave to amend. The court finds no basis to reconsider its prior order and therefore the motion will be denied. Nor does the court see any need to clarify its prior order. The order clearly stated the reasons for denying the motion and Plaintiff has not identified any portion of the order that was unclear. The request to clarify will therefore be denied.

///

///

///

**IT IS THEREFORE ORDERED:**

That Plaintiff's Motion for Reconsideration and/or Clarification of the Court's Ruling Regarding Compensatory Damages (Doc. #99), Plaintiff's Motion for Reconsideration and/or Clarification of Court's Ruling Granting Motion in Limine Regarding Punitive Damages (Doc. #100) and Plaintiff's Motion for Reconsideration and/or Clarification of Ruling Denying Motion for Leave to Amend (Doc. #101) are **DENIED**.

DATED this 3rd day of August, 2006.

_____
Edward C. Voss
United States Magistrate Judge